502(8/15)

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI**

F I L E D

12/9/15

U.S. Bankruptcy Court
Western District of Missouri

| | |
|---|---|
| In Re: | James Edward Myers and Jacqueline James Myers  ---ABOVE MED--- |
| | Debtor(s) |

Case No.: 15−30010−can13

**ORDER CONFIRMING CHAPTER 13 PLAN**
**AS FILED OR AMENDED ON OR ABOUT**
**11/2/15**

The court finds that the amended Chapter 13 plan complies with the requirements of 11 U.S.C. § 1322(a), 1322 (b), 1323(c) and 1325(a) pursuant to 11 U.S.C. § 1329. It is therefore
  ORDERED, ADJUDGED and DECREED:
1.   The plan is confirmed as amended.
2.   The debtor or any entity from which the debtor receives income shall pay to the trustee according to the terms of the plan which shall not exceed 5 years. Payments shall continue until further order of this court. The trustee may cause a wage order to be issued to the debtor's employer. 11 U.S.C.§ 1322(a)(1), 1322(d), and 1325(c). Local Rule 3083−1G.
3.   Payments to all creditors shall be made according to the terms of the plan, Local Rules of this Court, the trustee's notice to allow claims, the trustee's notice to allow additional or amended claims, and further orders of the court. The trustee shall only make payments to creditors with filed and allowed claims. 11 U.S.C. § 1326(c), Local Rule 3084−1, and Local Rule 3085−1.
4.   Priority claimants shall be paid in full pursuant to 11 U.S.C. § 1322(a)(2).
5.   The trustee shall be paid in full pursuant to 11 U.S.C. § 503(b), 1326(b)(2) and 28 U.S.C. § 586(e)(1)(A) and (B).
6.   For cases filed on or before October 16, 2005, the debtor shall devote to the plan all disposable income during the first 36 months after the first payment is due under the plan unless the debtor pays 100 percent to all filed and allowed claimants. Regardless of when the case was filed the debtor shall report to the standing trustee any events affecting disposable income, including but not limited to: changes in income, tax refunds, inheritances, prizes, lawsuits, gifts, etc., which are received or receivable during the pendency of the case.
7.   The debtor shall not incur any additional debts while this case is open without prior approval of the court except those which may be necessary in an emergency for the protection and preservation of life, health, or property. The trustee may grant borrowing requests pursuant to Local Rule 3088−1.
8.   Until the case is closed, the debtor is enjoined and prohibited from selling, encumbering, or in any manner disposing of assets without the prior order of the court except as may be required in the course of the debtor's business if the debtor is engaged in business. The debtor may, without court order, sell unencumbered property which has not had a lien avoided as part of this proceeding with a fair market value less than $2,500.00 so long as, within 10 days of the sale, the debtor files with the court an accounting of said sale.
9.   Title to the property of the estate vests in the debtor(s) or as specified in the plan. 11 U.S.C. § 1327(b).
10.   Confirmed plans may be amended pursuant to 11 U.S.C. § 1329 and may be amended to comply with 11 U.S.C. § 1322(d).
11.   Funds paid into the trustee's office in a confirmed plan prior to the case being dismissed shall be distributed pursuant to the confirmed plan and this confirmation order.

Dated: 12/9/15

  /s/  Cynthia A. Norton
UNITED STATES BANKRUPTCY JUDGE